**PROVIDENCE BOX & LUMBER CO. et al. v. GOODRICH–DANIELL LUMBER CORPORATION.**

No. 7428.

United States District Court
D. Vermont.

Oct. 4, 1948.

S. E. Richardson and Matthew Caldbeck, both of St. Johnsbury, Vt., for petitioners.

Ernest E. Goodrich, of St. Johnsbury, Vt., for respondent.

LEAMY, District Judge.

The Lumber Company has petitioned for a review of the decision of the Referee in Bankruptcy adjudicating it a bankrupt.

It contends first that the Bankruptcy Court was without jurisdiction since the original process was served upon the president of the company and not upon the clerk of the corporation as required by Section 1521 of the Public Laws of Vermont.

It is true that before the promulgation of the Federal Rules of Civil Procedure, 28 U.S.C.A., the service of process in United States Courts had to conform with the laws of the state in which the court was located. And notwithstanding Rule 81(a) (1) which provides that the Rules do not apply "to proceedings in bankruptcy * * * except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States", the Federal Rules of Civil Procedure are now applicable to proceedings for an adjudication under General Order in Bankruptcy 37, 11 U.S.C.A. following section 53, which provides:

"In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding."

This order was promulgated along with the other revised General Orders on January 16, 1939 and became effective on February 13, 1939.

Since, therefore, the service was on an officer of the corporation, it was in conformity with the requirements of Rule 4(d) (3) of the Rules of Civil Procedure.

Another contention is that the Court lacked jurisdiction because there were more than twelve creditors; that less than three signed the original petition and that the Referee erred in allowing other creditors to intervene. This position is clearly untenable.

If less than three creditors file the petition it must be alleged that the number of creditors are less than twelve. Such an allegation may be made on information and belief, since a petitioning creditor could hardly be expected to know such a fact with any great degree of certainty. If in answer to the petition it is asserted that there are in fact twelve or more creditors then section 59, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 95, sub. d, provides the procedure to be followed.

This section provides that in such a situation the Referee shall delay the hearing for a reasonable time, to the end that the parties in interest shall have an opportunity to be heard. "If upon such hearing it shall appear that a sufficient number of qualified creditors have joined in such petition *or, if prior to or during such hearing, a sufficient number of qualified creditors shall join therein, the case may be proceeded with,* but otherwise it shall be dismissed (Emphasis supplied.)

In addition to this provision of the Act, Section 59, sub. f thereof provides that

"Creditors other than the original petitioners may at any time enter their appearance and join in the petition."

■ These sections permit creditors to intervene in support of the petition and thus prevent the dismissal by the court where it is shown that one of the several petitioners is disqualified from joining in the petition or that his claim does not meet the requirements of section 59, sub. b. Intervention under section 59, sub. f is also permitted where a petition is filed by less than three creditors on the assumption that the bankrupt's creditors are less than twelve, and the bankrupt shows that he has twelve or more creditors and, therefore, at least three creditors must join in the petition.

■ Creditors, by intervening in support of the petition, acquire the status of petitioning creditors as of the date on which the original petition was filed. And since section 59, sub. f provides that a creditor "may at any time" intervene and join in the petition, the creditor's right to intervene, within the proper time, is not subject to the court's discretion. Intervention to join in the petition, as a general rule, is a matter of right. Collier, 14th Ed., Vol. 3, page 616 et seq.

■ The petitionee also contends that the Court was without jurisdiction since the original petition did not allege that the petitionee is a corporation principally engaged in manufacturing, trading, printing, publishing or mercantile pursuits and that it did not allege that the petitionee is not a farmer or wage earner.

Where the petition is filed against a natural person it should state that he is not a farmer or a wage earner but such is not the case here. If the proceeding is against a corporation as defined in section 1(8), the better practice is to allege that the debtor is a moneyed, business, or commercial corporation, and not a "building and loan association, a municipal, railroad, insurance or banking corporation."

"The failure to allege that the debtor is not within the accepted classes under Section 4b may be raised by a motion to dismiss, but the courts will usually allow amendments." Collier, 14th Ed., Vol. 2, page 20.

Here the Referee, as was clearly within his discretion, permitted the petition to be amended to show that the debtor "is a corporation principally engaged in the manufacture and sale of lumber." Thus the petition, as amended, showed that the debtor was within the class of persons permitted to be adjudicated a bankrupt under section 4, sub. b. A statement of the debtor's occupation which clearly indicates that the debtor is subject to an involuntary adjudication is sufficient.

■ The debtor also claims that that portion of the petition alleging an act of bankruptcy does not as a matter of law set forth the act "with such fullness as to apprise the alleged bankrupt of what it will be required to meet."

The allegation complained of is as follows: "(4) Within four months next preceding the filing of this petition, the said Goodrich-Daniell Lumber Corporation, committed an Act of Bankruptcy, in that it did heretofore, to wit, on the 13th day of December 1947, transfer, while insolvent, an asset of the Debtor Corporation, to wit, a claim against one Milo P. Persons and Helen B. Persons of Waterford, Vermont, to the value of about Eight Hundred Dollars ($800.00), to Leon E. Hopkins of Lyndon, Vermont, a creditor of the Goodrich-Daniell Lumber Corporation, with intent to prefer said creditor, Leon E. Hopkins, over its other creditors."

■ True, the facts relied upon to establish the alleged fraudulent transfer must be set forth with such fullness as to apprise the bankrupt of what he will be required to meet. There must be a full disclosure concerning the alleged fraudulent transfer and it is not sufficient to set forth merely rumor, suspicion or hearsay. Wherever possible, allegations should be positive and not on information and belief. The petition should describe the property alleged to have been transferred, the time of the alleged transfer and to whom it was made. This the petitioners have done, and it is difficult to see how they could have done it with any greater clarity. The purpose of the law does not require greater

detail than it is probable that the creditors can furnish.

Since the remaining objections 7 to 10 inclusive relate to the admission of evidence, denial of motions, refusal to strike, etc., based upon the alleged lack of jurisdiction, they need not be considered.

The decision of the Referee is affirmed.