Albert F. HARRIS, Edward J. Harris and Emmeline Harris, Co-Partners, Doing Business as Southwest Distributing Company, and Albert F. Harris, Edward J. Harris and Emmeline Harris, Alleged Bankrupts, Appellants,

v.

CAPEHART–FARNSWORTH CORPO-RATION, a corporation, A. J. Linde-mann & Hoverson Company, a corpora-tion, Apex Rotarex Corporation, a cor-poration, and Stewart-Warner Corpora-tion, a corporation, Appellees.

No. 15354.

United States Court of Appeals Eighth Circuit.

Sept. 9, 1955.

Rehearing Denied Oct. 4, 1955.

Warren S. Earhart, Kansas City, Mo., for appellants.

Don M. Jackson, of Gage, Hillix, Moore, Park & Jackson, Kansas City, Mo. and W. Arnold Brannock and Thomas D. Circle of Brannock, Buck & Gray and Ralph M. Jones of Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, Mo., on the brief, for appellees.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is the second appearance of this case in this Court. The first appeal, decided November 5, 1953, Harris v. Capehart-Farnsworth Corporation, 8 Cir., 207 F.2d 512, was taken by the appellants, alleged bankrupts, from an order overruling their motion to dismiss, for insufficiency of statement, the first amended involuntary petition in bankruptcy filed against them by the appellees as petitioning creditors on February 16, 1953. This Court held that the petition was adequate and that the District Court had not erred in appointing a receiver. The pertinent allegations of the petition are set forth in the opinion and need not be restated.

The present appeal is by the alleged bankrupts from a pre-trial order which determined "that, for the purposes of trial, petitioning creditors shall be declared qualified petitioning creditors * * *," and that "The issues remaining to be tried are (1) the solvency or insolvency of the alleged bankrupts—but, upon that issue, the unliquidated, disputed, claims for damages for alleged breaches of contracts, asserted by alleged bankrupts, are not to be heard or considered and will be given only a nominal value, (2) whether the alleged bankrupts have committed an act of bankruptcy as alleged in the petition * * *."

The record on appeal consists of the pleadings and the order from which the appeal is taken. It appears that on December 10, 1953, the alleged bankrupts filed their "Answer and Request for Jury Trial," in which they denied insolvency and the commission of the acts of bankruptcy alleged in the petition. They also denied that Capehart-Farnsworth Corporation was a creditor and that they were indebted to it as alleged in the petition; and they asserted that it was indebted to them in a sum as damages for breaches of contracts, which they were entitled to set off, and which, when set off, would extinguish its claim against them. The answer contained similar denials and assertions with respect to Apex Rotarex Corporation and Stewart-Warner Corporation.

This was a case in which a petition to have the debtors adjudged bankrupt could, under § 95 of Title 11 U.S.C.A., be maintained only by not less than three creditors with provable claims in the requisite amount, since it is not asserted that all of the creditors of the alleged bankrupts were less than twelve in number. There can be no doubt that the bankrupts by their answer adequately challenged the qualifications of three of the four petitioning creditors to maintain the involuntary petition.

The District Court, in pre-trial proceedings, reached the conclusion that the alleged set-offs or counterclaims asserted by the alleged bankrupts against three of the petitioning creditors were not to be litigated or liquidated in the trial of the issues and were to be accorded only a nominal value in determining whether the alleged bankrupts were solvent or insolvent.

This Court said in Cutler v. Nu-Gold Ring Co., 264 F. 836, 838,—a case in which evidence of an unliquidated loss from a breach by Cardin, a petitioning creditor, of his contract with the alleged bankrupt, was taken at the trial of an involuntary petition in bankruptcy, in sup-

port of a denial by the alleged bankrupt that Cardin was qualified as a petitioner:

> "* * * the law is now settled beyond dispute that the existence of three provable claims held by three petitioners [creditors], respectively, of the alleged bankrupt, and, if challenged by pleading, plenary proof thereof is jurisdictional and indispensable to the maintenance of an involuntary petition in bankruptcy."

The court also pointed out in that case that the evidence that Cardin had breached his contract with the alleged bankrupt and caused it damage equal to Cardin's claim justified the trial court in finding that the alleged bankrupt was not indebted in any amount to Cardin and that he was not a creditor when the petition was filed or thereafter.

The Supreme Court in Canute Steamship Co. v. Pittsburgh & West Virginia Coal Co., 263 U.S. 244, 248, 44 S.Ct. 67, 68, 68 L.Ed. 287, referring to Cutler v. Nu-Gold Ring Co., supra, said that "it is indispensable to the maintenance of the [involuntary] petition that the existence of three petitioners holding provable claims be established, if challenged."

█ Since it is essential to the maintenance of a proceeding such as this and to the validity of an adjudication that the existence of three petitioners holding provable claims of the requisite amount, if challenged, be established, it is incumbent upon the petitioning creditors to prove by competent evidence that at least three of them meet the requirements of § 95, Title 11 U.S.C.A. We think the District Court erred in eliminating prior to trial the issue raised by the denial by the alleged bankrupts that three of the petitioners were creditors qualified to maintain the petition.

█ We are also of the opinion that the alleged bankrupts should have the opportunity at the trial to establish, if they can, that they have set-offs or counterclaims which they are lawfully entitled to use in diminution or extinguishment of the claims of the three petitioning creditors against whom such counterclaims are asserted.

In Collier on Bankruptcy, 14th Ed., Vol. 3, page 586, it is said that in contesting the claim of a petitioning creditor in an involuntary bankruptcy proceeding, the alleged bankrupt may set up any defense that would be available to him in a civil suit upon the claim; and that, in order to reduce the claims of petitioning creditors below the $500 minimum, the bankrupt may file a counterclaim, including a set-off or a recoupment. Among the cases cited in support of this statement is Cutler v. Nu-Gold Ring Co., 8 Cir., 264 F. 836. The statement also finds support in the fact that the Federal Rules of Civil Procedure have been made applicable to bankruptcy proceedings, in so far as not inconsistent with the Bankruptcy Act. See General Order 37 of the General Orders in Bankruptcy of the United States Supreme Court, 11 U.S.C.A. following § 53. See also Rules 13(a) and 13(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., relating to counterclaims.

We think that what is needed to put an end to this protracted litigation is a trial on the merits of the issues raised by the pleadings. If the alleged bankrupts have no meritorious, valid, valuable or substantial claims against the petitioning creditors, there is no reason to anticipate that their alleged counterclaims or set-offs will receive any consideration or be accorded any value, at the trial, to which they are not legally entitled. There seems to be no sound reason why a set-off or counterclaim founded upon a contract between an alleged bankrupt and a petitioning creditor cannot be liquidated in bankruptcy proceedings. See and compare, Frederic L. Grant Shoe Co. v. W. M. Laird Co., 212 U.S. 445, 29 S.Ct. 332, 53 L.Ed. 591. At a trial, the factual basis for the denial by the alleged bankrupts that three of the petitioners are qualified as petitioning creditors can be fully disclosed, and that issue, as well as other issues raised by the pleadings, can be put at rest.

The order appealed from, in so far as it determined that the petitioning creditors are qualified as such and that the claimed set-offs or counterclaims of the alleged bankrupts are not to be heard or considered at the trial and are to be given merely a nominal value on the issue of insolvency, is vacated, and the case is remanded with directions to accord the parties a trial on the merits of the issues raised by the pleadings.