### In the Matter of INLAND DISCOUNT CORPORATION, Alleged Bankrupt.
### No. 64 B 994(3).

United States District Court
E. D. Missouri, E. D.
Sept. 14, 1965.

which alleged he was a creditor of the Inland Discount Corporation having a provable claim against it, liquidated as to amount and not contingent as to liability, amounting in the aggregate to $500.00 or over. The petition also alleges that Inland Discount Corporation within four months preceding the filing of the petition committed an act in bankruptcy, having discontinued operations during the first week of March 1964, at which time Inland allegedly turned its assets over to certain banks and other financial institutions. The petition prayed that Inland be adjudged a bankrupt within the purview of the Act.

Although only one creditor filed the petition, there is no averment, even on information and belief, that the number of creditors is less than twelve. Instead, petitioner simply alleged that the number of creditors was *unknown* to him. Inland filed a motion to dismiss, based in part on the fact that the petition was not filed by three creditors. In a memorandum filed in opposition to the motion, the sole petitioning creditor admitted that at the time of filing the petition "he had a fair idea that there were more than twelve creditors."

On May 7, 1964, Meyer Tennebaum, Floyd Cohn and Ann Cohn, his wife and Mrs. Albert M. Cohn, alleging they are creditors of Inland having provable claims, filed a petition to intervene and join as petitioners in this action, and leave to intervene was granted. We overruled the motion to dismiss, primarily because of the intervention of the three alleged creditors, although the court was not fully satisfied that a petition in bankruptcy filed by less than three creditors confers jurisdiction on the Court absent an averment therein that the creditors are less than twelve in number, 11 U.S.C. § 95. See Providence Box & Lumber Co. v. Goodrich-Daniell Lumber Corporation, D.C.Vt., 80 F.Supp. 61, 62, stating: "If less than three creditors file the petition it *must* be alleged that the number of creditors are less than twelve." (Emphasis supplied.) And Canute Steamship Co. v. Pittsburgh & West Virginia Coal

---

Charles Clayton, Clayton & Mattern, St. Louis, Mo., for petitioner, Kell T. Todd.

Melvin Newmark, Newmark & Baris, St. Louis, Mo., for petitioners Tennenbaum and Floyd and Ann Cohn.

Richard Marx, Steinberg & Marx, St. Louis, Mo., for alleged bankrupt.

REGAN, District Judge.

This case was instituted on April 20, 1964, by Kell T. Todd filing a petition

Co., 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287 explicitly limited its ruling to a situation where the petition "is *sufficient on its face.*" (Emphasis supplied.) Here, the original petition was *not* sufficient on its face, in that it did not allege there were fewer than twelve creditors.

■ The "joinder" of the intervening creditors was not formally evidenced either by amending the original petition in bankruptcy or by the filing of an amended petition. Of course, such amendment is not required by the statute, see the Canute case, supra, but it is desirable from the point of view of pleading.

Thereafter on June 18, 1964, Inland filed its answer to the original petition in bankruptcy, denying all allegations except those avering that it is a corporation of a kind amenable to bankruptcy in this judicial district. On April 8, 1965, a hearing was had during which counsel for the petitioner attempted to develop preferential transfers by the alleged bankrupt. Counsel for the alleged bankrupt made timely objection to the admission of such evidence, but the Court received the evidence subject to the objections. No evidence was offered by Inland.

The hearing on April 8, 1965, was brief, there being only twenty-one pages to the transcript, most of which is taken up by argument of counsel. The evidence adduced by the petitioners and objected to by Inland demonstrated that the alleged bankrupt did make six payments to various creditors between December 26, 1963, and January 22, 1964. After offering these payments petitioner offered no evidence, other than that of insolvency. It is doubtful whether the mere fact of payments of itself sufficiently proves a preferential transfer within the meaning of the act. (11 U.S. C. § 96, sub. a.)

■ There was no effort made to prove the existence of three provable claims held by three petitioners of the alleged bankrupt. The Eighth Circuit Court of Appeals in the case of Cutler v. Nu-Gold Ring Co., 8 Cir., 264 F. 836, 838,

held, "  *   *   * the law is now settled beyond dispute that the existence of three provable claims held by three petitioners, respectively, of the alleged bankrupt, and, if challenged by pleading, plenary proof thereof is jurisdictional and indispensable to the maintenance of an involuntary petition in bankruptcy." See also Harris v. Capehart-Farnsworth Corporation, 8 Cir., 225 F.2d 268, 270 and Canute Steamship Co. v. Pittsburgh & West Virginia Coal Co., 263 U.S. 244, 248, 44 S.Ct. 67.

In attempting to justify their failure to prove the existence of three petitioning creditors, petitioners take the position that Inland admitted the allegations of paragraph two of the petition of the intervening petitioners which was filed May 7, 1964, and before the answer of Inland to the petition in bankruptcy. It is true that Inland's answer was filed June 18, 1964, and therefore subsequent to the petition of Meyer Tennebaum, Floyd Cohn and Ann Cohn his wife and Mrs. Albert M. Cohn, to intervene. However, the latter was a petition of the above named as alleged creditors of Inland to intervene as parties in the *original* petition. 11 U.S.C.A. 95, sub. f states: "Creditors other than the original petitioners may at any time enter their appearance and join in the petition."

A reading of the petition to intervene filed herein makes it abundantly clear that Tennebaum and the Cohns were seeking to intervene and become parties to the *original* petition, and that is exactly what the statute provides. And see Canute Steamship Co., supra, 263 U.S. l. c. 248–249, 44 S.Ct. 67. With the pleadings in this posture, the answer of Inland filed on June 18, 1964, was responsive to the original petition, paragraph two of which alleged that Inland Discount Corporation "has had its principal place of business at 3940 Lindell, St. Louis, Missouri within the above judicial district, for a longer portion of the six months immediately preceding the filing of this petition than in any other judicial district", and admits only the allegations as therein set forth.

█ It is clear therefore, that there was no admission on the part of Inland of the existence of the requisite three petitioning creditors, and petitioners should have adduced evidence in support of their petition. In view of petitioners' failure to establish the existence of the requisite number of petitioning creditors, we hold that the evidence fails to sustain the jurisdiction of this court.

█ Even if it be assumed arguendo that Inland should have denied in terms that intervenors were creditors having provable claims not contingent as to liability, there is no basis in the evidence and pleadings upon which we may adjudicate Inland bankrupt. It is not sufficient that petitioners merely prove insolvency. It is also necessary that petitioning creditors both allege and prove *an act of bankruptcy*. What was alleged in the petition upon which the matter was heard was simply that in March 1964 Inland "discontinued operations and turned its assets over to certain banks and other financial institutions." Not even insolvency at that time was alleged (and the petition to intervene is equally silent on this subject.)

The averment that Inland's assets were turned over to banks and financial institutions is equivocal at best, and there is serious doubt as to whether, without more, the petition alleges an act of bankruptcy except inferentially. However, all this is now academic. At the hearing, counsel for petitioners expressly disclaimed any intent to prove "the act of bankruptcy" alleged in the petition. Hence, we do not have before us a request to amend the petition to conform to evidence offered to prove the act of bankruptcy charged in the petition.

The evidence pertaining to the allegedly preferential payments did not relate to any conduct which is expressly or by implication included in the allegations of the original petition. It did not even remotely pertain to whatever act of bankruptcy petitioners intended to charge therein. Concededly, we do not have here an effort to make more definite and certain the allegations of the transaction or occurrence attempted to be set forth in the original petition.

The allegedly preferential payments were made considerably more than four months before the date of the hearing at which the evidence was adduced, the time at which petitioners requested leave to amend their petition to conform to the evidence. As we have noted, this evidence as to the payments made between December 26, 1963, and January 22, 1964, was received subject to the objection of Inland.

█ We rule and hold that an act of bankruptcy may not be charged by amendment made more than four months after the commission of such act of bankruptcy. In Hovland v. Farmers' State Bank of Christine, 8 Cir., 10 F.2d 478, 481, the Court ruled, "Acts of bankruptcy, not alleged in the original petition, cannot be charged by amendment to such petition filed more than four months after the commission of such acts of bankruptcy."

In National Refining Co. v. Pennsylvania Petroleum Co., 8 Cir., 66 F.2d 914, 918, the court held that even if a petition is deemed to have been amended to allege an additional act of bankruptcy attempted to be proved at the trial held more than four months after the commission of such act, "such an amendment would allege an entirely new act of bankruptcy from that alleged in the original petition, and *could not relate back* to the date of filing the petition." See and compare Rule 15(c) of the Federal Rules of Civil Procedure. An amendment such as is here desired is permissible only if it does not amount to the statement of a new or different cause of action, as was the case in In Re Yellow Motor Company of St. Louis, 8 Cir., 34 F.2d 118.

█ Inland's objection to the evidence was well taken and should be and is hereby sustained. And as the foregoing cases indicate, even if the evidence had not been objected to petitioners' situation would not be improved. Since any amendment, even one to conform to the proof, alleging a *new* act of bankruptcy could speak only from the date of the

trial as to such act of bankruptcy, an amended petition would not relate back to the date the original petition was filed. This, because the act of bankruptcy attempted to be proved was not committed within four months prior to the date the amendment is sought to be made. See, for example, Dworsky v. Alanjay Bias. Binding Corporation, 2 Cir., 182 F.2d 803, 805.

In these circumstances, the Court denies petitioners leave to file an amended petition in bankruptcy setting forth the allegedly preferential payments as the act of bankruptcy relied upon. It follows that since petitioners have wholly failed to prove the matters charged in the original petition, the petition in bankruptcy should be and is hereby dismissed at costs of petitioners.