In re EARL'S TIRE SERVICE, INC., a/k/a Earle's Tire Service, Inc., Debtor.

DUNLOP TIRE AND RUBBER CORPORATION, a corporation of the State of Delaware, Plaintiff,

v.

EARL'S TIRE SERVICE, INC., a/k/a Earle's Tire Service, Inc., a corporation of the State of Delaware, and Pirelli Sales Atlantic, Inc., Defendants,

and

John I. Ellis, Trustee, Counterclaimant.

Civ. A. No. 80–154.

United States District Court, D. Delaware.

Nov. 10, 1980.

Francis J. Murphy, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff–appellant.

James B. Tyler, III, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for the Trustee.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

This is an appeal from an order of the Bankruptcy Court granting the motion of the trustee to dismiss three counts of an adversary complaint filed by Dunlop Tire and Rubber Corporation. For the reasons stated below the judgment of the Bankruptcy Court will be affirmed.

### Facts

On October 24, 1979, Pirelli Sales Atlantic, Inc. ("Pirelli"), filed an involuntary bankruptcy petition against Earl's Tire Service, Inc. ("Earl's Tire") pursuant to section 303(b)(2) of the Bankruptcy Code, 11 U.S.C. § 303(b)(2). As Pirelli was the sole petitioning creditor, the petition included the necessary allegation that Earl's Tire had less

than 12 creditors.[1] Earl's Tire did not file an answer or any motions in response to the petition and Bankruptcy Judge Balick entered an order for relief on November 20, 1979.

Earl's Tire filed a list of creditors on December 11, 1979, which indicated that it had more than 12 creditors.[2] On December 20, 1979, the date set for the first meeting of creditors, Dunlop Tire and Rubber Corporation ("Dunlop") filed a two-count complaint against Earl's Tire and Pirelli seeking to have the Bankruptcy Court either dismiss the bankruptcy petition, or vacate or modify the automatic stay of enforcement of judgments against Earl's Tire that had been entered pursuant to section 362 of the Bankruptcy Code, 11 U.S.C. § 362. Dunlop amended its complaint on January 18, 1980, by adding two more counts. The substance of the claims raised in Counts I, III and IV was that the bankruptcy action was not properly commenced under section 303(b) of the Code because Pirelli, at the time it filed its petition, either knew or should have known that Earl's Tire had more than 12 creditors.[3] Dunlop's conceded purpose in filing the complaint was to prevent its July 27, 1979, attachment of a substantial debt owed by Interstate Tires Services, Inc., to Earl's Tire from being declared a voidable preference under 11 U.S.C. § 547(b)(4)(A).[4]

The Trustee moved to dismiss the complaint on the grounds that Dunlop, as a creditor, did not have standing under section 303(d) to oppose a bankruptcy petition and that Dunlop's complaint was in any event untimely. Dunlop responded to these arguments by characterizing its complaint as an attack upon the subject matter jurisdiction of the Bankruptcy Court, a procedural defect which, Dunlop argued, the Court would be required to notice on its own motion at any time during the proceedings.

Judge Balick, in a February 7, 1980, hearing held that the Bankruptcy Court did have subject matter jurisdiction, reasoning that Dunlop's claims went only to the Court's personal jurisdiction over Earl's Tire; Dunlop's complaint was therefore unavailing as only the debtor may move to dismiss an involuntary petition on the ground of lack of personal jurisdiction. Judge Balick also held that Dunlop's complaint was in any event untimely, as it should have been filed prior to the time the Bankruptcy Court entered its order for relief.

The heart of Dunlop's appeal is its claim that the Bankruptcy Court lacked subject matter jurisdiction because Pirelli "fraudulently" alleged in its petition that there were less than 12 creditors. The Trustee argues first that Dunlop's notice of appeal to this Court was not timely filed. The Trustee also argues that Dunlop's complaint in the Bankruptcy Court was not timely filed and that Dunlop lacked standing to seek dismissal of the petition.

1. This action was filed after October 1, 1979, and is therefore subject to the provisions of the new Bankruptcy Code. Under section 303(b) of the Code, 11 U.S.C. § 303(b), a single creditor may file an involuntary petition and thereby initiate bankruptcy proceedings against a debtor with less than 12 creditors; if the debtor has 12 or more creditors, at least 3 creditors must join in the petition.

2. Although the list of creditors was not a part of the record in this court, Judge Balick made this finding at the February 7, 1980, hearing on the Trustee's motion to dismiss Dunlop's complaint. See Transcript of February 7, 1980, proceedings at 39. The fact that there were more than twelve creditors was not contested at oral argument on this appeal held on October 14, 1980.

3. In Count II Dunlop sought relief from the automatic bankruptcy stay entered pursuant to section 362 of the Bankruptcy Code. On May 16, 1980, Bankruptcy Judge Balick approved a stipulation filed by Dunlop and the Trustee providing, inter alia, that Count II be dismissed without prejudice, such dismissal however to be with prejudice should this Court affirm the Bankruptcy Court's dismissal of Counts I, III and IV.

4. Interstate is required to make 50 monthly payments in the amount of $1,844.26 to Earl's Tire. Dunlop's attachment of the debt would not have been a voidable preference under the Code's 90-day measurement period unless a bankruptcy petition had been filed by October 25, 1979.

### I. The Timeliness of Dunlop's Notice of Appeal

Bankruptcy Judge Balick, on February 8, 1980, entered an order granting the Trustee's motion to dismiss Counts I, III and IV of Dunlop's complaint. Dunlop, on February 19, 1980, filed a motion for reargument pursuant to Rule 923 of the Rules of Bankruptcy Procedure.[5] Judge Balick entered an order denying the motion for reargument on February 26, 1980. Dunlop, on March 7, 1980, filed a notice of appeal from Judge Balick's orders granting the motion to dismiss and denying reargument.

The Trustee argues that Dunlop failed to satisfy the requirement of Bankruptcy Rule 802(a) that a notice of appeal be filed within 10 days from the entry of the order or judgment being appealed. The Trustee's theory is that Dunlop's February 19 motion for reargument was untimely because it was not filed within 5 days of the February 8 order, as required by former Rule 16 of the Local Rules of Civil Practice of the District of Delaware.[6] Therefore, because the initial motion for reargument was untimely, the Trustee argues that any subsequent filing of a notice of appeal from an order denying reargument must of necessity have also been untimely. The Trustee concedes that, had Dunlop filed a timely motion for reargument, the 10–day period for filing a notice of appeal would have started to run on February 26, the date Judge Balick denied reargument.[7]

■ The Trustee's argument that the notice of appeal was untimely must fail. The motion for reargument, which under Bankruptcy Rule 923 must be treated as a motion under Rule 59 of the Federal Rules of Civil Procedure, was filed within 10 days of the February 8 order (excluding February 18, a holiday, pursuant to Rule 6(a), Fed.R. Civ.P.). The motion for reargument was therefore timely because of the rule laid down in *Citizens' Acceptance Corp. v. United States*, 320 F.Supp. 798, 805 n.16 (D.Del. 1971), *rev'd on other grounds*, 462 F.2d 751 (3d Cir. 1972), that a motion for reargument filed within the 10–day period set by Rule 59 of the Federal Rules of Civil Procedure is timely, notwithstanding the fact that the motion does not satisfy the local rule requiring motions for reargument be made within 5 days. Since the notice of appeal was filed within 10 days from denial of reargument on February 26, it was timely under Bankruptcy Rule 802(b).

### II. The Bankruptcy Court's Subject Matter Jurisdiction

■ Dunlop, in characterizing its claim as an attack on the subject matter jurisdiction of the Court, is attempting to confer on itself as a creditor the "standing" to oppose an involuntary bankruptcy petition that it would otherwise lack. Under section 303(d) of the Bankruptcy Code, only a debtor, or a partner in a partnership debtor, may file an answer to an involuntary bankruptcy petition. Prior to 1938 the bankruptcy statutes had expressly provided that any creditor could file pleadings in opposition to an involuntary bankruptcy petition. In that year, however, the Bankruptcy Act was amended to expressly deny this right to creditors. The legislative history makes clear that the reason for the change was the concern of Congress that a creditor's purpose in opposing an involuntary petition invariably was to protect a preference or to

---

5. Rule 923 simply states that, "[e]xcept as provided in Rule 307, Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases." Rule 59, Fed.R.Civ.P., permits a motion to alter or amend a judgment to be filed within 10 days after entry of the judgment.

6. By order of October 1, 1979, the Bankruptcy Court has adopted the local District Court Rules except to the extent that they are inconsistent with the Bankruptcy Reform Act of 1978. New Local Rules of Civil Practice were adopted by the District of Delaware effective August 1, 1980. Rule 3.3 extends to 10 days the period within which a motion for reargument may be filed.

7. Bankruptcy Rule 802(b) provides that the time to file a notice of appeal is terminated if a party makes a motion pursuant to Rule 923 to alter or amend the judgment; instead, the full time in which to notice the appeal runs from the date of the order disposing of the Rule 923 motion.

gain some other unfair advantage at the expense of other creditors, contrary to the Bankruptcy Act's policy of providing an equitable distribution of assets among all creditors. *See, e. g., Carlson Plywood Co., Inc. v. Vytex Plastics Corp.*, 519 F.2d 556, 557–58 (7th Cir. 1975). Dunlop, therefore, has no right to plead defects in the petition filed by Pirelli. If however, as Dunlop claims, the Bankruptcy Court lacked subject matter jurisdiction, then both that court and this Court would be obligated to notice that defect sua sponte.

■ An examination of the authorities yields no support for the proposition that the Bankruptcy Court lacks subject matter jurisdiction when a creditor, with knowledge that the debtor has 12 or more creditors, files an involuntary bankruptcy petition without joining the required 2 additional creditors. This Court has recognized that "[s]ubject matter jurisdiction deals with the Court's competence 'to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action.'" *Standard Oil Co. v. Montecatini Edison S.p.A.*, 342 F.Supp. 125, 129–30 (D.Del.1972). Congress has expressly authorized the bankruptcy courts to exercise "jurisdiction of all cases under title 11," and has vested in the bankruptcy courts "exclusive jurisdiction of all of the property ..." of debtors in such cases. *See* 28 U.S.C.A. § 1471(a), (c), (e) (Supp.1980).[8] Since all parties concede that Earl's Tire was qualified to be a debtor under the Bankruptcy Code, it is difficult to perceive how an arguable defect in the procedural mechanism for commencing a bankruptcy action would deprive the court of its subject matter jurisdiction. Indeed, the case law indicates that the number of petitioning creditors is unrelated to the question of the Bankruptcy Court's subject matter jurisdiction. The Supreme Court, in rejecting a creditor's challenge to the sufficiency of the number of petitioning creditors, has stated that "the filing of a petition, sufficient upon its face, ... clearly gives the bankruptcy court jurisdiction of the proceeding." *Canute Steamship Co. v. Pittsburgh Coal Co.*, 263 U.S. 244, 248, 44 S.Ct. 67, 68, 68 L.Ed. 287 (1923). Proof of the requisite number of petitioning creditors is required only if challenged by the alleged bankrupt, *Harris v. Capehart–Farnsworth Corp.*, 225 F.2d 268, 270 (8th Cir. 1955), and unlike subject matter jurisdiction, the bankrupt may waive its right to three petitioning creditors by failing to make a timely objection. *See General Kontrolar Co. v. Allen*, 124 F.2d 123, 127 (6th Cir. 1941). At least one court has expressly stated that the reason the requirement of 3 petitioning creditors may be waived is that "[s]uch jurisdictional defect does not go to the subject matter...." *In re National Republic Co.*, 109 F.2d 167, 170 (7th Cir. 1940). In this case, Earl's Tire waived any right it had to raise defects in the petition, and consented to being adjudicated a bankrupt. Dunlop's claim that the court lacked subject matter jurisdiction is without merit.[9]

**8.** Section 1471 was added to Title 28 by the Bankruptcy Reform Act of 1978 and technically will not become effective until the creation of the new United States Bankruptcy Courts in 1984. However, during the transition period, the provisions of section 1471 apply to the current bankruptcy courts. *See* Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 405(b), 92 Stat. 2549 (1978).

**9.** The cases cited by Dunlop in support of its position simply hold that a debtor is entitled to have an involuntary petition dismissed if it opposes the petition and the evidence shows that a single petitioning creditor has fraudulently or in bad faith alleged that the debtor has less than 12 creditors. *See In re Crown Sportswear, Inc.*, 575 F.2d 991, 993–94 (1st Cir. 1978);

*In re Crofoot, Nielsen & Co.*, 313 F.2d 170, 171–72 (7th Cir. 1963; *Myron M. Navison Shoe Co. v. Lane Shoe Co.*, 36 F.2d 454, 459 (1st Cir. 1929). These cases do not hold that the number of petitioning creditors relates to the subject matter jurisdiction of the court, nor do they hold that one creditor has standing to raise a claim that another creditor has filed an involuntary bankruptcy petition in bad faith.

The Court recognizes that in certain circumstances the debtor may have a limited power to decide whether a preference will be voidable. In this case, assuming, without deciding, that Pirelli filed the petition with knowledge that Earl's Tire had more than 12 creditors, Earl's Tire could have obtained dismissal of the petition. Any subsequent involuntary petition

 

The Court recognizes, however, that the courts have spawned some confusion by referring to the requirement of 3 petitioning creditors as "jurisdictional." *See, e. g., In re Crofoot, Nielsen & Co., supra* note 8, 313 F.2d at 171; *In re National Republic Co., supra,* 109 F.2d at 170; *In re Bichel Optical Laboratories, Inc.,* 299 F.Supp. 545, 548 (D.Minn.1969). Presumably, the courts have theorized that defects in a bankruptcy petition may be raised as a challenge to the court's *in personam* jurisdiction over the debtor or its *in rem* jurisdiction over the debtor's property. Yet, a statutory requirement of three petitioning creditors is analytically distinct from the questions of notice and fundamental fairness to individuals, and of the presence of a person or property within a particular geographic jurisdiction, that are at the core of the concepts of *in personam* and *in rem* jurisdiction. Rather than to speak of the debtor's right to demand proof of the required number of petitioning creditors as "jurisdictional," it is more accurate to liken such a challenge to an affirmative defense that must be timely raised or else is waived. *Cf. Commercial Credit Corp. v. Skutt,* 341 F.2d 177, 180–81 (8th Cir. 1965) (defective bankruptcy petition goes to the petitioner's right

to relief, not to the court's jurisdiction). In any event, the claim raised by Dunlop no more brings into doubt the subject matter jurisdiction of the Bankruptcy Court than previous "jurisdictional" challenges raised by disgruntled creditors and uniformly rejected by the courts.[10]

## Conclusion

Dunlop timely filed its notice of appeal to this Court. The Bankruptcy Court did not lack subject matter jurisdiction and Dunlop's claim therefore went to a defect in the bankruptcy petition that properly could have been raised only by the debtor. As Dunlop had no standing in the first instance to raise the alleged defect in the petition, it is unnecessary to decide whether Dunlop's complaint was timely filed.

The judgment of the Bankruptcy Court will be affirmed.

would not have related back to the date of the original filing by Pirelli, with the effect that Earl's Tire would have saved Dunlop's attachment from being declared a voidable preference. However, regardless of fraud by Pirelli, Earl's Tire could have wielded this same power in deciding whether to file a voluntary petition during the 90–day period for voidable preferences.

10. *See, e. g., Carlson Plywood Co., Inc. v. Vytex Plastics Corp., supra,* 519 F.2d at 557–58 (lack of jurisdiction alleged because of prior

appointment of state receiver); *In re Highley,* 459 F.2d 554, 555–56 (9th Cir. 1972) (lack of jurisdiction alleged because petition failed to allege individual and corporation were partners); *In re Jack Kardow Plumbing Co.,* 451 F.2d 123, 128–30 (5th Cir. 1971) (jurisdiction attacked on ground that debtor was individual, not partnership as alleged); *In re Tanner,* 242 F.Supp. 172 (M.D.Pa.1965) (jurisdiction attacked on ground that debtor partnership did not exist).