Ballon, Stoll & Itzler, New York City, for debtor.

Raymond E. Parker, Jr., New York City, petitioning creditor.

Lewis Shabason, New York City, petitioning creditor.

**In re ALLEN, ROGERS & CO., INC., Debtor.**

**Bankruptcy No. 83 B 12003 (EJR).**

United States Bankruptcy Court, S.D. New York.

May 20, 1983.

## DECISION ON INVOLUNTARY PETITION

EDWARD J. RYAN, Bankruptcy Judge.

On October 12, 1982, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Allen, Rogers & Co., Inc. ("Allen, Rogers"). The petition alleged that George Calcagno, Jacob Kahn, Raymond E. Parker, Jr., Lewis Shabason and Pearl L. Smagley were creditors of Allen, Rogers and that Allen, Rogers is generally not paying its debts as they become due. The petition makes no allegation that all of the creditors of Allen, Rogers are less than twelve in number.

On or about November 1, 1982 Allen, Rogers answered, denying the material allegations of the petition. Allen, Rogers admitted that it is not paying its debts as they become due.

Pursuant to 11 U.S.C. 303(h) a trial was held before this court on April 7, 1983. At

trial the petitioning creditors appeared pro se and presented evidence of debts owing to only two of the petitioning creditors, Raymond E. Parker, Jr., and Lewis Shabason. No evidence was presented as to the total number of creditors of Allen, Rogers.

At the close of the plaintiff's evidence Allen, Rogers moved to dismiss the petition on the ground that the petitioning creditors failed to prove a prima facie case in that they failed to allege and prove that there are less than twelve creditors of Allen, Rogers in existence. Section 303(b) of the Bankruptcy Code provides that an involuntary petition may be commenced by the filing of a petition by three or more entities holding claims that aggregate in excess of five thousand dollars, or if there are fewer than twelve entities holding claims, by one or more of such holders that hold claims in excess of five thousand dollars.

The instant petition lacks any assertion that there are fewer than twelve creditors of Allen, Rogers in existence. Therefore, the petition must be dismissed as evidence of only two claims was introduced at trial. *See, In re Inland Discount Corp.,* 247 F.Supp. 335 (E.D.Mo.1965). The petitioning creditors have failed to sustain their burden of proof that the debtor is subject to adjudication. *See, In re Perry,* 336 F.Supp. 420, 422, 423 (D.S.C.1972).

The petitioning creditors state that their failure to allege and prove the number of creditors is due to Allen, Rogers' failure to provide them with a list of creditors. Therefore, the petitioning creditors request that this court deem the number of creditors to be less than twelve.

This request must be and it is denied. Rule 104(e) of the Bankruptcy Rules of Procedure requires an alleged debtor to file with the answer a list of all creditors where an answer to an involuntary petition filed by one or two creditors avers the existence of twelve or more creditors. This affords the petitioners in such a case the information needed to enable them to undertake to obtain the co-petitioners required to make the petition sufficient. *See Advisory Committee Notes to Bankruptcy Rule 104.* Here, the involuntary petition was filed by five creditors; there then was no need to obtain additional co-petitioners to render the petition sufficient. Further, the allegation that there be fewer than twelve creditors may be made on information and belief, since a petitioning creditor could hardly be expected to know such a fact with any degree of certainty. *See, Providence Box and Lumber Co. v. Goodrich-Damiell Lumber Corp.,* 80 F.Supp. 61, 62 (D.Vt.1948).

In *Harris v. Capehart-Farnsworth Corporation,* 225 F.2d 268, 269 (8th Cir.1955) an involuntary petition was filed without any assertion that all of the creditors of the alleged bankrupt were less than twelve in number. The court held that the petition had to be maintained by not less than three creditors with provable claims in the requisite amount.

A hearing will be scheduled pursuant to Section 303(i) of the Bankruptcy Code to determine if and to what extent judgment shall be entered against the petitioners and in favor of the alleged debtor for costs, reasonable attorneys fees, any damages proximately caused by the filing of the petition for relief herein and punitive damages.

Settle an appropriate order.