**In re Milton BRATEN, Debtor.**

**Bankruptcy No. 86 B 20433.**

United States Bankruptcy Court,
S.D. New York.

July 14, 1987.

See also 73 B.R. 896, 68 B.R. 955.

Barr and Faerber, Spring Valley, N.Y., for alleged debtor; Elizabeth Haas, of counsel.

Moses & Singer, New York City, for Bankers Trust Co.; Richard Brewster, of counsel.

Sonnenfeld, Busner & Richman, New York City, for The Hong Kong and Shanghai Banking Corp.; Judith Richman, of counsel.

## DECISION ON APPLICATION OF BANKERS TRUST COMPANY FOR AN ORDER TO INTERVENE IN INVOLUNTARY CHAPTER 7 CASE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Bankers Trust Company ("Bankers") has applied for an order permitting it to intervene in this involuntary Chapter 7 case so as to join in the involuntary petition currently pending against the debtor, Milton Braten. The debtor opposes Bankers' application on the ground that Bankers is a contingent creditor and as such is ineligible to intervene and join in the petition.

### FACTUAL BACKGROUND

On October 1, 1986, The Hong Kong and Shanghai Banking Corporation served and filed an involuntary petition for relief against the debtor, Milton Braten, pursuant to 11 U.S.C. § 303(b)(2) under Chapter 7 of the Bankruptcy Code. The petitioner holds a claim against the debtor in the sum of $1,493,384.84, based upon a judgment entered against the debtor on July 15, 1985 in

the County of Westchester, State of New York. In his answer filed with this court on October 22, 1986, the debtor denied certain allegations in the petition, including the portion of paragraph 1 which states that the "debtor has fewer than 12 creditors."

Bankers holds a written unconditional guaranty which the debtor issued to Bankers with respect to the obligations of his corporation, known as Braten Apparel Corporation ("Braten Apparel"). On September 5, 1974, Braten Apparel filed a petition for an arrangement pursuant to Chapter XI of the former Bankruptcy Act of 1898. A plan of arrangement was confirmed on March 12, 1976. Thereafter, in September of 1976, Bankers moved to set aside the confirmation on the ground that Braten Apparel had fraudulently concealed its ownership interest in Brookfield Clothes, Inc. The confirmation was set aside in June of 1982. *See In re Braten Apparel Corporation*, 21 B.R. 239 (Bankr.S.D.N.Y. 1982), *aff'd.* 26 B.R. 1009 (S.D.N.Y.1983). *Aff'd. without op.* 742 F.2d 1435 (2d Cir. 1983).

In the schedules filed by Braten Apparel on September 5, 1974, sworn to by its president, Milton Braten, it is stated that Bankers has a claim of $3,450,000, secured by accounts receivable having a face value of approximately $2,238,553.57, of which approximately $2,000,000 are deemed collectible. Additionally, Schedule A–3 filed by Braten Apparel in its Chapter XI case reflects an unsecured claim in favor of Bankers of $425,000. Braten Apparel objected to Bankers' deficiency claim on the ground that Bankers did not accurately account for its collection of accounts receivable as well as for certain alleged deficiencies in the collection process. The court held that a detailed accounting was required by Bankers so that Braten Apparel could be informed as to how much less than the net face amount of each of its receivables totalling $2,238,553.57 Bankers actually collected and whether Bankers acted in a commercially reasonable fashion. *See In re Braten Apparel, Corp.*, 68 B.R. 955, 969 (Bankr.S.D.N.Y.1987). Any additional deficiency amount would then be added to the minimum principal amount of Bankers' claim, which was the difference between the total loans of $3,875,000 and the face value of the accounts receivable of $2,238,-553.57. Thus, the minimum accounts receivable indebtedness of Braten Apparel to Bankers was found to be $1,636,446.50, together with $500,000 of returned merchandise for which Braten Apparel was liable to Bankers, for a total minimum principal indebtedness of $2,136,446.50.

## DISCUSSION

The right of other creditors to join in an involuntary petition is determined under 11 U.S.C. § 303(c), which reads:

(c) After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is *not contingent*, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section.

(Emphasis added).

■ Intervention in an involuntary petition is a matter of right under 11 U.S.C. § 303(c), unless bad faith is shown. *In re Crown Sportswear*, 575 F.2d 991, 993 (1st Cir.1978); *In re North County Chrysler Plymouth, Inc.*, 13 B.R. 393, 399 (Bankr.W. D.Mo.1981); *In re Trans-High Corp.*, 3 B.R. 1, 4 (Bankr.S.D.N.Y.1980). Hence, once a debtor puts in issue the number of creditors, the petitioning creditor may solicit other creditors to join in the petition with the same effect as if the joining creditor had been one of the original petitioning creditors. *See In re Alta Title Company*, 55 B.R. 133, 136 (Bankr.D.Utah 1985).

■ The debtor argues that Bankers' claim is contingent because whatever obligation the debtor may have on his guaranty to Bankers cannot be determined until the court in the Braten Apparel case finally determines the amount of the proof of claim filed by Bankers, after considering the affirmative defenses and counterclaims raised by Braten Apparel. There is no

question that a claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event which was within the actual or presumed contemplation of the parties at the time. *In re All Media Properties, Inc.*, 5 B.R. 126 (Bankr. D.S.D.Tex.1980), *aff'd.* 646 F.2d 193 (5th Cir.1981). However, the debtor's liability to Bankers' under his unconditional guaranty with respect to the obligations of Braten Apparel to Bankers is not contingent. The precise amount of the indebtedness has not yet been determined by the court in the Braten Apparel case, but a minimum principal obligation of $2,136,446.50 has been determined. A dispute as to the amount of a claim does not negate its existence if the legal obligation to pay is present. *See In re Covey*, 650 F.2d 877, 883 (7th Cir.1981); *In re Galaxy Boat Manufacturing Co., Inc.*, 72 B.R. 200, 203 (Bankr. D.S.C.1986); *In re Tampa Chain Co., Inc.*, 35 B.R. 568, 577 (Bankr.S.D.N.Y.1983). In light of the minimum finding in the Braten Apparel case, the debtor's liability to Bankers under his unconditional guaranty of payment as to the obligations of Braten Apparel has been triggered and now exists as a claim that is not contingent. *Armstrong v. Corn Belt Bank*, 55 B.R. 755, 762 (D.C.D.Ill. 1985); *In re Sjostedt*, 57 B.R. 117, 120 (Bankr.D.M.D.Fla.1986). Accordingly, Bankers may properly intervene in this involuntary case in accordance with 11 U.S.C. § 303(c).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. The debtor's liability to Bankers under his unconditional written guaranty of the obligations of Braten Apparel Corporation, which he executed and delivered to Bankers, does not reflect a contingent claim within the meaning of 11 U.S.C. § 303(c).

3. Bankers' motion to intervene in this involuntary Chapter 7 case so as to join in the involuntary petition currently pending against the debtor is granted.

**SETTLE ORDER ON NOTICE.**