**In re COPPERTONE COMMUNICA- TIONS INC., Alleged Debtor.**

**Bankruptcy No. 87-05055-S-2.**

United States Bankruptcy Court, W.D. Missouri, S.D.

Feb. 13, 1989.

David E. Schroeder, Springfield, Mo., for petitioning creditors.

Lee Chestnut, Springfield, Mo., for alleged debtor.

## MEMORANDUM

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

Rex Allen, creditor of Coppertone Communication, Inc. (Alleged Debtor), in the amount of $99,768.52, filed an involuntary petition, under Chapter 7, against Alleged Debtor on November 20, 1987. Because of other litigation in the Federal District Court for the Western District of Missouri, the reference to the Bankruptcy Court was withdrawn by the District Court and the proceedings continued in the District Court until March 28, 1988, when the matter was referred back to the Bankruptcy Court. Unfortunately, no copy of the District Court Order was transmitted to the Bankruptcy Court until October 24, 1988. Counsel for Alleged Debtor then filed same with this Court along with a copy of its Answer to the involuntary petition.

The initial petition was filed by only one creditor and there was no allegation in said petition that the Alleged Debtor had less than twelve creditors. Alleged Debtor's Answer was basically a general denial and did not raise what now seems to be a jurisdictional issue, i.e., whether one creditor, whose claim exceeds $5,000.00 can file an involuntary petition against an alleged debtor without at least alleging that the Alleged Debtor has fewer then twelve creditors or whether that issue is an affirmative defense which must be asserted by the alleged debtor. The Alleged Debtor raised that issue at a pretrial conference and since the issue seemed to go to the basic question of this Court's jurisdiction, the parties were given leave to file Memoranda, the last of which was filed January 3, 1989.

Involuntary bankruptcy petitions may be commenced under Chapter 7 of the Bankruptcy Code by the "filing with the bankruptcy court of a petition ... (1) by three or more entities each of which is either a holder of a claim against such person (the debtor) ..." 11 U.S.C. § 303(b)(1). However, a petition for involuntary bankruptcy may also be made under Chapter 7 "if there are fewer than 12 such holders ..." by one or more of such holders ..." 11 U.S.C. § 303(b)(2). If the petition is not timely controverted, the debtor waives its defenses and the court must order relief in favor of the petitioning creditors. 11 U.S. C. § 303(h), Bankruptcy Rule 1013(b). *In re Alta Title Company*, 55 B.R. 133 (Bkrtcy.D.Utah 1985). If the debtor files an answer controverting the petition, certain factual and legal determinations must be made by the court. If, in its answer, the debtor puts in issue the number of creditors, then it must file with its answer a list of all creditors with their names and addresses, a brief statement of the nature of their claims, and the amounts thereof. Bankruptcy Rule 1003(b). After the debtor files its answer asserting that it has twelve creditors or more and has filed its list of creditors with the court, the petitioning creditor may solicit other creditors to join in the petition and the debtor may solicit the creditors not to do so. *In re Alta Title Company*, Id., Bankruptcy Rule 1003(b). Creditors other than the original creditor(s) who join in the petition may do so with the same effect as if they had been one of the original petitioning creditors. *In re Braten*, 74 B.R. 1021 (Bkrtcy.S.D.N.Y.1987).

Although the case of *In re Allen, Rogers & Co., Inc.*, 30 B.R. 27 (Bkrtcy.S.D.N.Y. 1983) and other pre-code cases support the Alleged Debtor's contention, it does not appear to represent the majority rule in cases decided since the Bankruptcy Reform Act of 1978 and the adoption of the current Bankruptcy Rules. See *In re Earl's Tire Service, Inc.*, 6 B.R. 1019 (D.Del.1980), *In re Alta Title Co.*, 55 B.R. 133, 136, *In re Mason*, 709 F.2d 1313 (9th Cir.1983), 2 Collier on Bankruptcy, ¶ 303.15[6] (15th Ed. 1988). The form of the pleading must conform only to Rule 8 of the Federal Rules of Civil Procedure requiring that a pleading set forth a claim for relief and a short and plain statement of the grounds on which jurisdiction depends. 2 Collier on Bankruptcy ¶ 303.15[3] (15th Ed.1988). See also Bankruptcy Rule 7008. In addition, a general provision, provides "[t]he Official Forms prescribed by the Judicial Conference of the United States shall be observed

and used", Bankruptcy Rule 9009. Official Form No. 11 (Involuntary Case: Creditor's Petition), is prescribed for use by petitioning creditors in the commencement of an involuntary proceeding against a debtor under Chapter 7. Rule 1003, Advisory Committee Note (1983), see also 2 Collier on Bankruptcy ¶ 303.15[1] (15th Ed.). "It contains all the required allegations as specified in § 303(b) of the Code". *Id.* The Official Form No. 11 makes no allegation of the number of holders of eligible claims. Moreover, Official Form No. 11 is surely intended by the Judicial Conference to be used in the commencement of involuntary proceedings regardless of whether there are twelve eligible claim holders or fewer. This is evident by the fact that the Judicial Conference has provided optional paragraphs in a number of the Official Forms for use in alternative circumstances. See, e.g., Official Form Nos. 11–20. Official Form No. 11 does not have any such optional provision which is to be added alleging either that there are greater or fewer then twelve creditors, though Form 11 does provide alternative allegations that the debtor is generally not paying its debts and that a custodian was appointed for substantially all of the debtor's property. Official Form No. 11.

The earliest post code case on the issue of jurisdiction is *In re Earl's Tire Service,* supra. There the U.S. District Court affirmed the Bankruptcy Court and held that the Bankruptcy Court did not lack subject matter jurisdiction when a single creditor with knowledge that the debtor had twelve or more creditors, filed an involuntary bankruptcy petition against the debtor, without joining two additional creditors. *In re Earl's Tire Service, Inc.,* 6 B.R. at 1023. The court stated that the number of petitioning creditors is not related to the issue of the bankruptcy court's subject matter jurisdiction. *Id.* at 1021, see also *In re Alta Title Company,* 55 B.R. 133, 137 (Bkrtcy.D.Utah 1985), 2 Collier on Bankruptcy ¶ 303.15[6] (15th Ed.). The court in *Earl's* cited *Canute Steamship Co. v. Pittsburgh & West Virginia Coal Co.,* 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287 (1923), stating that "[t]he Supreme Court in reject-

ing a creditor's challenge to the sufficiency of the number of petitioning creditors, has stated 'the filing of a petition, sufficient on its face ... clearly gives the bankruptcy court jurisdiction over the proceeding'." *In re Earl's Tire Service, Inc.* at 1022. This same reasoning was echoed by the court in *In re Alta Title Co.,* 55 B.R. at 137, which wrote that "some courts have labeled the three petitioning creditor requirement as 'jurisdictional'. This requirement is not jurisdictional in the sense of subject matter jurisdiction but is a substantive matter which must be waived or proved if put in issue". *Id.* The *Alta Title* court added that while a petition for involuntary bankruptcy could be filed, which was so clearly defective on its face to warrant dismissal, it should be treated with the same liberality as a civil complaint. See also *In re Molen Drilling Co., Inc.,* 68 B.R. 840 (Bkrtcy.D.Mont.1987). While the strict burden of proving the basis for the involuntary relief on the merits rests upon the petitioning creditors, the procedural requirements for commencement of the involuntary petition are not stringently enforced. *Id.* This flexible approach results in an involuntary petition being tried on its merits. *Id.*

 The burden of raising the issue of the number of creditors, and thus, the requisite number of creditors to file a petition rests with the alleged debtor. See, e.g., *In re National Republic Co.,* 109 F.2d 167, 170 (7th Cir.1940), *In re Earl's Tire Service,* at 1023, *In re Mason,* 709 F.2d 1313, 1318 (9th Cir.1983). Bankruptcy Rule 1003(b) stated "[i]f an answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with answer a list of all creditors ..." *Id.* Proof of the requisite number of petitioning creditors is required only if challenged by the alleged bankrupt. *In re Earl's Tire Service, Inc.,* at 1023, *In re Mason,* 709 F.2d 1313, 1318 (9th Cir.1983). See also, *Harris v. Capehart–Farnsworth Corp.,* 225 F.2d 268 (8th Cir.1955). In *In re Mason,* supra, the court held that the debtor waived his right to raise the defense that only two creditors had filed an involuntary petition against

him when the debtor failed to respond to the petition. Debtor did not file an answer because he believed that the court had no jurisdiction to hear the case since only two creditors filed the petition instead of three as required under 11 U.S.C. § 303(b)(1), (2). That the debtor has the burden of raising the issue of the number of creditors stands to the test of reason, since the alleged debtor is the only party with such knowledge and without intimate knowledge of the alleged debtor's affairs the petitioner would have no way of knowing. *In re Allen, Rogers & Co., Inc.*, 30 B.R. 27, 28. It is also supported by the requirement that the alleged debtor file with such answer a list of all creditors, their addresses, and the amounts and the nature of their claims. Bankruptcy Rule 1003(b). Finally, if the number of creditors is construed as an affirmative defense, then the general rule, that failure to plead an affirmative defense results in waiver of the defense and it is excluded as an issue in the case. *In re J.B. Lovell Corp.*, 88 B.R. 459, 462 (Bkrtcy.N.D.Ga.1988), *In re Tacoma Boatbuilding Co.*, 81 B.R. 248, 255 (Bkrtcy.S.D. N.Y.1987).

■ Although the liberal joinder provisions of Bankruptcy Rule 1003(b) enable a single petitioning creditor to cure a defective petition, the three creditor requirement is not a meaningless formality that a creditor may ignore until after filing the petition. Courts have consistently held that an essential prerequisite for allowing additional creditors to join to cure a defective petition is that the original petition was filed in good faith. The courts are split on what standard to apply to justify dismissal. Some courts have applied a subjective standard to hold that the actual knowledge, of a single creditor filing an involuntary petition, that the number of creditors was twelve or greater showed sufficient bad faith to justify dismissal. *Basin Electric Power Co-op v. Midwest Processing Co.*, 769 F.2d 483 (8th Cir.1985). This Court is bound by and will follow that rule. However, that issue is not raised by these pleadings nor is there any evidence that the creditor knew of more than twelve creditors or that there even are more than twelve creditors.

If debtor does indeed have more than twelve creditors, it may amend its answer but must comply with the requirements of Bankruptcy Rule 1003(b). Despite the argument that the alleged debtor in this case has waived the issue of the number of creditors by its failure to raise it in its answer, the Bankruptcy Rules expressly provide for liberal granting of amendment and supplementary pleading. Bankruptcy Rule 7015 provides for application of the Rule of the Federal Rules of Civil Procedure in adversary proceedings. A party may amend its pleading by leave of court and "leave shall be freely given when justice so requires". Fed. Rules of Civil Procedure 15, *Matter of GEX Kentucky, Inc.*, 85 B.R. 431, 436 (Bkrtcy.N.D.Ohio 1987). Rule 7015 is in Part VII and Bankruptcy Rule 9014 governing Contested Matters states that "the court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply". Though freedom to amend is granted freely it is not granted without consideration of undue delay, bad faith, futility of amendment, and the resulting prejudice to the opposing party. *In re Tacoma Boatbuilding*, 81 B.R. 248, 260 (quoting *Foreman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222). It does not appear that either side will suffer injustice or prejudice by this approach since if there are not twelve creditors or more the alleged debtor will decline to amend and the case will proceed straight away and if there are twelve creditors or more the creditor will have the intended opportunity to persuade other creditors to join.

The Court will, therefore, schedule a hearing on Rex Allen's involuntary petition allowing sufficient time for alleged debtor to amend its answer should it so choose, and petitioning creditor to solicit additional petitioning creditors in such event.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.