**Philip Jay FETNER, Appellant,**

v.

**Stewart H. HAGGERTY, et al., Appellees.**

No. 95–7244.

United States Court of Appeals, District of Columbia Circuit.

Nov. 12, 1996.

Philip Jay Fetner, pro se.

Matthew Dwyer Anhut, Washington, DC, filed the brief for appellee George C. Schwelling.

Before: EDWARDS, Chief Judge; SILBERMAN and HENDERSON, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

■ The bankruptcy court did not abuse its discretion in reinstating the involuntary petition against Fetner pursuant to 11 U.S.C. § 303(b)(2). Fetner failed to provide the bankruptcy court with its requested list of 12 or more creditors, therefore only a single creditor's claim must be neither contingent as to liability nor subject to bona fide dispute. *See In re Coppertone Communications, Inc.,* 96 B.R. 233 (Bankr.W.D.Mo. 1989). We agree with the bankruptcy court's determination that, at the very least, the Schwelling and Johnson & Harding claims were undisputed and noncontingent.

■ Fetner argues that we must ignore the claims of other creditors because Arndt petitioned for involuntary bankruptcy in bad faith. We disagree that a bad faith petition bars the joinder of valid claims. Other methods exist for addressing bad actors without punishing properly joined creditors. For instance, the bankruptcy code provides for damage awards, including punitives, against bad faith petitioners. 11 U.S.C. § 303(i)(2)(A) & (B). The court can even require a bond, after notice and a hearing, to indemnify the debtor for amounts that may be later allowed under § 303(i). 11 U.S.C. § 303(e). Since every bankruptcy petition must be signed to attest that the petition is—to the best of the signor's knowledge, information, and belief formed after a reasonable inquiry—well grounded in fact and warranted by existing law, a bad faith petition may run afoul of bankruptcy's version of Rule 11: Fed.R.Bankr.P. 9011. Indeed there is a panoply of weapons in a court's arsenal to deal with bad faith petitioners without depriving valid creditors of their statutory right to join the bankruptcy petition. *See In re Kidwell,* 158 B.R. 203, 216–19 (Bankr.E.D.Cal.1993). Dismissing the petition would merely postpone the inevitable in an area where time is of the essence.

■ Finally, the bankruptcy court did not abuse its discretion in finding that Fetner generally failed to pay his debts as they became due. *See In re Concrete Pumping Service, Inc.,* 943 F.2d 627 (6th Cir.1991). Therefore, we agree with the bankruptcy court that all of § 303(b)(2)'s requirements are satisfied and reject all of appellant's arguments to the contrary.

Accordingly, the judgment of the district court is hereby affirmed.