**In re J. V. KNITTING SERVICES, INC., Alleged Debtor.**

**Bankruptcy No. 80–00351–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

June 10, 1980.

Sofge & Kahn, Hialeah, Fla.

Michael Meadvin, New York, New York.

## MEMORANDUM DECISION ON INVOLUNTARY PETITION

THOMAS C. BRITTON, Bankruptcy Judge.

This is an involuntary petition under chapter 7 of the Code. (C.P.No. 1) The alleged debtor has answered and filed a counterclaim seeking actual and punitive damages, costs and fees for petitioner's bad

faith in filing the petition. (C.P.No. 9) The matter was tried before me on May 22, 1980. This order incorporates my findings and conclusions as authorized by B.R. 752(a).

The petition was filed by a single creditor, Lemon Twist of California, Inc., on the premise that the debtor had less than twelve creditors. 11 U.S.C. § 303(b)(2). The alleged debtor has answered (C.P.No. 8) that it has more than twelve creditors and has filed a list of forty-nine creditors. (C.P.No. 27). As authorized by § 303(c), three other creditors have joined in the petition: Artistic Identification Systems, Inc., with a claim of $1,329, Award Packaging Corp., with a claim of $1,993, and Southern Industries, Inc., with a claim of $2,835. (C.P.Nos. 29, 47, 69) These three claims, which aggregate $6,157 and are all unsecured and not contingent as to liability, satisfy the requirements of 11 U.S.C. § 303(b)(1). The three creditors and the amounts owed appear on the alleged debtor's sworn list of creditors.

The alleged debtor disputes the status of Lemon Twist's claim. The point became irrelevant with the joinder of the third additional claim and no purpose would be served by discussing that issue.

The alleged debtor also argues that Lemon Twist acted in bad faith and the joinder of the three additional creditors was a fraud, because of Lemon Twist's conduct. I find no fraud on the part of Lemon Twist and its fraud would not prevent the joinder of the other three creditors under § 303(c).

I find and conclude, therefore, that the petition meets the requirements of § 303(b)(1).

The petition also alleges that the debtor is generally not paying its debts as such debts become due, which is a ground for bankruptcy under § 303(h)(1). The debtor's books reflect that as of April 30, 1980, the debtor owed its trade creditors over $39,000, of which over $26,000 had been outstanding and unpaid for ninety days or more. The issue is the status of debtor's liabilities as of the date of this petition, March 28, 1980. Through March and April, the debtor's bank account was overdrawn, as it had been for most of the preceding four months. From this evidence, I infer and find that as of the date of the petition, the debtor was not paying its debts generally as they became due.

The petitioners have, therefore, carried their burden under § 303 and they are entitled to an order for relief. This conclusion, of course, disposes of the counterclaim.

As is required by B.R. 752(a) and Interim Rule 1009(c), a separate order for relief against the above-named debtor will be entered, following Interim Form No. 11.