In re NATIONAL BUY–RITE, INC., Debtor,

William G. McDANIEL, Trustee, Plaintiff,

v.

Richard WAITS, American Lighting & Supply Co., Precision Paint Corporation, and Sun Valley, Inc., Defendants.

Bankruptcy No. 80–00309A.
Adv. No. 80–0165A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Div.

Nov. 25, 1980.

William G. McDaniel, Alan L. Dye, McDaniel, Chorey & Taylor, Atlanta, Ga., for William G. McDaniel.

L. C. Chrietzberg, Decatur, Ga., for Richard Waits.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter came before the Court on motion for summary judgment filed by plaintiff William G. McDaniel. Having reviewed the motion and brief submitted by the plaintiff and the pertinent parts of the case file the Court makes the following decision.

## FINDINGS OF FACT

1. National Buy Rite, Inc., (hereinafter referred to as "Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 31, 1980. William G. McDaniel, (hereinafter referred to as "Trustee"), was appointed trustee.

2. On March 3, 1980 Trustee filed a complaint against the above–named defendants to recover alleged preferential transfers.

3. In Trustee's complaint it is alleged that defendant Richard Waits, ("Waits"), invested $10,000.00 in Debtor. In return for this investment, Waits allegedly received a security interest in Debtor's inventory. It is contended that this security interest is not enforceable against Trustee for the reason that it was not properly perfected and for the reason that the $10,-000.00 was a contribution to equity rather than a loan.

4. Waits filed a response to Trustee's complaint in which he alleged that the transaction in question was a loan transaction secured by Debtor's inventory. It is contended that Waits' security interest was properly perfected.

5. Waits received two payments from Debtor on this debt, each in the amount of $178.46. These payments were made in December, 1979 and January, 1980 respectively.

6. At the time each payment was made Debtor's liabilities exceeded its assets.

7. Trustee filed a motion for partial summary judgment on May 15, 1980. It is argued that Waits' security interest is not perfected and therefore may be voided by Trustee pursuant to 11 U.S.C. § 544. Alternatively it is contended that if the security interest was perfected, the perfection was a preferential transfer. Trustee also asserts that the two payments made to Waits on his loan are preferences recoverable by Trustee under 11 U.S.C. § 547.

8. Waits filed no response to Trustee's motion for summary judgment.

9. By consent order entered July 18, 1980 Waits agreed to relinquish any interest or lien against the inventory in question and to abandon his claim to any security interest in the proceeds of the sale of this property.

## APPLICABLE LAW

The applicable statutory provision is 11 U.S.C. § 547(b) the pertinent part of which reads:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

` (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

■ All five of these elements must be present before a transfer may be found to be preferential. *In re Kelley*, 3 B.R. 651, 2 C.B.C.2d 15 (Bkrtcy.E.D.Tenn.1980) (Kelley, B.J.).

It is undisputed that Waits loaned $10,-000.00 to Debtor on approximately November 1, 1979. This fact was admitted by Waits in his answer, and a copy of the promissory note evidencing this loan was submitted by Trustee with his motion for summary judgment. Waits also admitted in his answer that he had received two payments of $178.46 each on the loan debt in December of 1979 and January of 1980. The Court therefore finds that Debtor made payments to Waits, a creditor, on account of an antecedent debt.

Debtor filed a petition in bankruptcy on January 31, 1980. The payments in question were made within 90 days of this date.

The evidence offered to prove insolvency is contained in the affidavit of Trustee which was submitted with his motion for summary judgment. Trustee's testimony is based on his personal knowledge derived from a review of the books and records of the debtor, including records of bank deposits and withdrawals and minutes of the debtor's board of directors.

In the affidavit Trustee testifies that in December and January at the time the two payments were made there existed among· the liabilities of Debtor the following debts:

| | |
|---|---|
| Richard Waits | $10,000.00 |
| Susan Siler | 5,000.00 |
| Sumner Communications, Inc. | 8,130.00 |
| Steve Lit | 10,000.00 |
| | $33,130.00 Total |

To further summarize Trustee's testimony, it is alleged that Debtor had $2,495.32 in its bank account at the time the December payment was made to Waits and $754.46 in its bank account at the time the January payment was made to Waits. Trustee further testified that at no time did Debtor own more than $30,000.00 worth of inventory, equipment and other property.

The introduction of this affidavit necessitates a discussion of the standards which must be met by affidavits submitted in support of motions for summary judgment. It is stated in Rule 56(e) of the F.R.Civ.P., "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

■ An affidavit must be based on the affiant's personal knowledge and must contain evidence that would be admissible at trial. *Echaide v. Confederation of Canada Life Insurance*, 459 F.2d 1377 (5th Cir. 1972). Affidavits which violate the standards set forth in Rule 56(e) of the F.R. Civ.P. are subject to a timely motion to strike. If such a motion is not made the objection will be waived. *Auto Drive–Away Company of Hialeah, Inc. v. Interstate Commerce Commission*, 360 F.2d 446 (5th Cir. 1966). In the absence of a gross miscarriage of justice the defective affidavit may be considered by the Court. Wright & Miller, *Federal Practice and Procedure* § 2738.

■ From examining the affidavit of the Trustee, the Court is of the opinion that the testimony contained therein may be subject to an objection on the ground of hearsay. However, Waits has come forth with no motion to strike; therefore any such objection must be deemed waived.

■ It must now be determined whether a gross injustice will be done if the affidavit is considered. The Court does not think so. For the purposes of 11 U.S.C. § 547, the debtor is presumed to have been insolvent 90 days immediately preceding the filing of the bankruptcy petition. 11 U.S.C. § 547(f). Although the trustee has the burden of proof on the issue of insolvency, the presumption requires the party against whom the presumption exists to come forward with evidence of solvency to rebut the presumption. *In re Butler*, 3 B.R. 182, 1 C.B. C.2d 533 (Bkrtcy.E.D.Tenn.1980) (Kelley,

B.J.); 4 *Collier on Bankruptcy* (15th Edition) ¶ 547.26, 547–96. Surely no gross miscarriage of justice will occur if the Court considers evidence which merely buttresses a presumption which already exists by operation of law.

 Under the Bankruptcy Code insolvency continues to be determined by a "balance sheet" test. A debtor is insolvent when his liabilities exceed his assets. 11 U.S.C. § 101(26); 4 *Collier on Bankruptcy.* (15th Edition) ¶ 547.26, pp. 547–94.

 The evidence in Trustee's affidavit indicates that Debtor's liabilities exceeded its assets when the two payments were made to Waits. Waits has not introduced any evidence to dispute the factual assertions in the affidavit. Therefore the Court concludes that Debtor was insolvent at the time the payments were made to Waits.

There is no dispute that Waits did not have a perfected security interest in Debtor's inventory. By receiving payments on the loan debt from Debtor just before the Debtor filed for bankruptcy, Waits was enabled to receive more than he would have received if the transfer had not been made and he received payment of his debt to the extent provided by the provisions of title 11 of the United States Code.

In conclusion the Court finds that there are no genuine issues of material fact to be tried; therefore judgment as a matter of law is appropriate in this case.

### CONCLUSIONS OF LAW

1. There are no genuine issues of fact to be tried in this case.

2. Waits is a creditor of the debtor herein.

3. Waits received two payments on account of an antecedent debt owed by the debtor before such transfer was made.

4. These two payments were made while the debtor was insolvent.

5. The payments in question were made within 90 days before the date the debtor filed a petition in bankruptcy.

6. The two payments enabled Waits to receive more than he would have received if the payments had not been made and Waits received payment of his debt to the extent provided by the provisions of title 11 of the United States Code.

It is therefore

ORDERED that Trustee's motion for partial summary judgment shall be and same is hereby granted; and it is further

ORDERED that Trustee shall recover from Waits the two payments totaling $356.92 made by Debtor to Waits.