**In re CENTRE de TRICOTS DE GASPE, LTEE., Debtor.**

**Harry BRUMMER and Peel Knit Mills, Ltd., Debtors, Plaintiffs,**

**v.**

**PERRAS, FAFARD, GAGNON INC., Royal Bank of Canada, and Real Fafard, Defendants.**

**Bankruptcy No. 79–01491–BKC–SMW.**
**Adv. No. 81–0051–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

March 24, 1981.

Cynthia L. Augustyn, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for defendants.

William M. Manker, Miami, Fla., for plaintiff.

SIDNEY M. WEAVER, Bankruptcy Judge.

This action came before the Court of March 10, 1981, to be tried and on the Defendants' Motion to Dismiss and Motion to Strike. The Court considered the arguments of counsel for the parties and took judicial notice of the records of the cases of Centre de Tricots de Gaspe, Ltee., Debtor, Case No. 79–01491–BKC–SMW, Harry Brummer, Debtor, Case No. 80–00008–BKC–SMW, and Peel Knit Mills, Ltd., Debtor, Case No. 80–00421–BKC–SMW, all Chapter 7 cases pending in this Court.

The gist of the lengthy Complaint is that the Defendants acted in bad faith in commencing involuntary bankruptcy proceedings against the Plaintiffs, that the assets of Centre de Tricots de Gaspe, Ltee. were sold by the trustee for substantially less than fair market value, and therefore that the Plaintiffs are entitled to damages and punitive damages from the Defendants for these alleged acts. The Defendants moved to dismiss and moved to strike the Complaint on several grounds, including that the principles of collateral estoppel and res judicata barred the Plaintiffs from relitigating facts and issues previously decided against them. Since the Court agrees that the collateral and res judicata defenses are determinative, it is not necessary to consider the other defenses.

The factual background for this ruling is relatively straight-forward. On December 19, 1979, the Defendant Perras, Fafard, Gagnon Inc. ("Perras") * filed an involuntary petition against Centre de Tricots de Gaspe, Ltee. ("de Gaspe"). On January 10, 1980, an order for relief under Chapter 7 of the Bankruptcy Code was granted by default. On January 4, 1980, Perras filed an involuntary petition against the Plaintiff Harry Brummer ("Brummer"). Brummer appeared and contested the petition and this Court tried the issues on April 10, 1980. On April 25, 1980, this Court entered findings of fact and conclusions of law and an order for relief under Chapter 7; no appeal

was taken from the order for relief. On April 15, 1980, Perras filed an involuntary petition against the Plaintiff Peel Knit Mills, Ltd. ("Peel"). Peel answered the petition but failed to appear at the trial, and this Court entered an order for relief under Chapter 7, from which no appeal was taken.

Perras is the interim receiver under Canadian bankruptcy laws for the Debtors de Gaspe, Brummer, and Peel and accordingly had standing to commence involuntary proceedings against the Debtors under § 303(b)(4) of the Bankruptcy Code as well as under § 304. In each of the involuntary petitions, Perras requested relief in the alternative, either under Chapter 7 or under § 304; in each instance the Court ordered relief under Chapter 7. In the responses to the involuntary petitions, Brummer and Peel raised the same basic factual and legal arguments as are raised again in the Complaint in this action, although with not the same order of magnitude of detail. On those issues, the Court ruled against Brummer and Peel and entered orders for relief; the principles of collateral estoppel require the same ruling in this action.

■ The principle of res judicata also bars the Plaintiffs from re-litigating the Defendants alleged "bad faith" in instituting the involuntary bankruptcy proceedings. The Plaintiffs' responses to the involuntary petitions raised the same basic issues of bad faith and illegality of the Defendants' acts as are raised in the Complaint. Additionally, the motive of a petitioner comes into issue only if the petition is dismissed. *See* § 303(i). The decision to enter orders for relief under Chapter 7, and not to dismiss the petitions, disposed of the counterclaims raised by Brummer and Peel in their responses to the involuntary petitions. *See In re J. V. Knitting Services, Inc.,* 4 B.R. 597 (Bkrtcy.S.D.Fla.1980).

■ The Complaint also alleges that certain of the assets of de Gaspe were sold for substantially less than fair market value. The assets in question were sold after the entry of the order for relief by the trustee

---

* The Defendant Real Fafard is an officer of Perras, and the Defendant Royal Bank of Canada is a substantial creditor of each of the Debtors.

of de Gaspe as part of her efforts to liquidate the assets of the estate. Prior to the sale, the trustee had filed a notice of her intention to sell the assets in question. Brummer and others filed objections to the sale, but none of the objections were to the adequacy of the price. Accordingly, this Court authorized the trustee to sell the assets free and clear of liens and interests pursuant to § 363(f) of the Bankruptcy Code. Brummer filed an appeal from this Order but has not prosecuted it and did not raise adequacy of the price as an issue. Thereafter, an evidentiary hearing on the objections was held, and this Court entered findings of fact and conclusions of law and an order determining that the assets which had been sold were property of the estate of de Gaspe and were free and clear of any liens and interests of Brummer. No appeal was taken from this Order. From these facts, the Court concludes that the Plaintiffs are barred from relitigating the issues.

The facts and issues raised by the Complaint have been litigated and resolved against the Plaintiffs. There comes a time when litigation must cease, and that time has arrived. Accordingly it is

ORDERED and ADJUDGED that the Complaint is hereby dismissed with prejudice.