In the Matter of MILWAUKEE COUNTY CONSERVATION AND PUBLIC SERVICE CORPORATION, Debtor.

James L. ADASHEK, Trustee, Plaintiff,

v.

NEWSPAPERS, INC. d/b/a Milwaukee Journal-Milwaukee Sentinel, Defendant.

Bankruptcy No. 83–04914.

Adv. No. 84–0033.

United States Bankruptcy Court, E.D. Wisconsin.

March 19, 1985.

Robert L. Mann, Kohner, Mann & Kailas, S.C., Milwaukee, Wis., for defendant.

James L. Adashek, Menomonee Falls, Wis., for trustee.

C.N. CLEVERT, Bankruptcy Judge.

This action was commenced by the trustee, James L. Adashek, under 11 U.S.C. § 547 of the Bankruptcy Code, to avoid a preferential transfer by the debtor, Milwaukee County Conservation and Public Service Corporation, Inc. (MCC), to the defendant, Newspapers, Inc. (Newspapers).

On November 16, 1983, Newspapers, a creditor of MCC, filed an action against MCC seeking the appointment of a receiver. On November 30, 1983, MCC paid its indebtedness to Newspapers in full, plus the cost of the suit—a total of $7,203.56. This payment was made on or within ninety days preceding the filing of the debtor's petition in bankruptcy.

As a result of this lawsuit and subsequent settlement, Newspapers paid to its attorneys a total of $2,084.71. This amount included court costs of $52.50.

On January 30, 1984, the trustee filed this adversary action alleging that MCC's payment to Newspapers was a preference. On February 17, 1984, Newspapers filed its answer claiming that the money transferred was not the property of MCC at the time the transfer was made. Thereafter, Newspapers admitted that the money received from MCC was a preference.

Newspapers has paid the trustee $5,118.85. However, Newspapers contests the trustee's right to the costs of the suit and attorney's fees. As a result, the issue to be decided in this case is whether attorneys' fees and court costs expended by a creditor to collect a debt may be deducted from the preference amount. The parties agree that there is no need for an evidentiary hearing and the remaining issue can be resolved on briefs.

## DISCUSSION

 The liability of a transferee of an avoided transfer is governed by § 550 of the Bankruptcy Code. Section 550(a) reads:

> § 550. Liability of transferee of avoided transfer.
>
> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, *the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property,* from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee. (Emphasis Added).

The "value" of the preference that is recoverable is determined from the viewpoint of the trustee and estate. *In the Matter of Furniture Den, Inc. (Chrystler v. Mersman Tables, Inc.),* 12 B.R. 522, 527 (Bankr. W.D.Mich.1981). The payment of attorneys' fees and court costs by MCC conferred no value on the estate and thus those funds should be entirely recoverable by the trustee.

Newspapers argues that it should not be required to return money that it did not receive. However, even though it may have been the final recipient of only $5,188.85 of the $7,203.56 preference paid by MCC, Newspapers was still the "initial transferee" of the $2,084.71 balance which was ultimately paid to its attorneys. Thus, this expenditure was for its benefit and is recoverable.

The court in *In re Meyer's,* 15 B.R. 390 (Bankr.S.D.Cal.1981), reached the same conclusion where it stated in dicta that,

> Where a preference is recovered by the trustee, the entire preference is recoverable, without deducting therefrom any costs attributable in favor of the preferred creditor.

This reasoning was also applied by the court in *In re Belize Airways, Ltd., (Seidle v. Kwik Copy, Inc.),* 18 B.R. 485 (Bankr.S.D.Fla.1982). In the *Belize* case, defendant, pursuant to a judgment it received in the Dade County Circuit Court, had a writ of execution delivered to the sheriff of Dade County. The writ was returned fully satisfied, in the amount of $3,817.26, within ninety days preceding the filing of the bankruptcy petition. The court held that this was an avoidable preferential transfer pursuant to § 547(b) of the Bankruptcy Code. The court further held that the trustee was entitled to recover the entire $3,817.26. The court reasoned that,

> although the portion of the $3,817.26 allocable to attorney's fees and costs may not actually have been received by the Defendant, such payments were made 'for its benefit' (11 U.S.C. § 547(b)(1)) and resulted in a depletion of the funds of BAL which otherwise would have been available for distribution to other of its general unsecured creditors. (citations omitted) *Belize,* 18 B.R. at 490.

Newspapers also argues that it "should not be penalized for its unselfish act attempting to force the debtor to pay off its creditors." Section 503(b)(1)(A) of the Bankruptcy Code allows as an administrative expense, post filing expenses incurred by a creditor in an effort to preserve the estate for the benefit of all creditors. However, this section is inapplicable to this fact situation. Not only were the expenses incurred by Newspapers prepetition, but it is also unclear whether the receivership action was instituted to benefit all creditors. In its brief in opposition to the turnover of the preference, Newspapers labeled the receivership action a "collection action." In addition, the receivership action was dismissed after Newspapers was paid and therefore benefitted no one else. As a result, it can hardly be said that the institution of the receivership action was an "unselfish act attempting to force the debtor to pay off its creditors." In fact, but for the filing of the bankruptcy petition, Newspapers would have retained the money paid

848

to it by MCC to the detriment of all other creditors.[1]

In summary, Newspapers incurred the attorneys' fees and court costs in its own self interest and at its own risks and thus is not entitled to deduct these amounts from its preference. Just as the court in *In re Meyer's* denied an expense priority to a judgment creditor who initiated attachment proceedings against the debtor's property for no other purpose than the creditor's "own interest to collect on their judgment," this court cannot allow Newspapers to benefit from actions taken in its own self interest.

Based on the foregoing,

IT IS ORDERED that judgment be entered against Newspapers, Inc., as prayed by the trustee.

1. The trustee might have sought recovery of the preference from Newspapers' attorneys, the immediate transferee of the initial transferee, as well as Newspapers, the initial transferee. However, the court does not have to reach this decision in the case at bar. 11 U.S.C. § 550(a)(2), *See, In re Big Three Transportation, (Mixon v. Mid-Continent Systems, Inc.)* 41 B.R. 16 (Bankr.W.D.Ark.1983).