In the MATTER OF: Edward Harvey JONES, Jr., Debtor.

United States of America for the use of Edward Harvey Jones, Jr., Plaintiff,

v.

Theo D. Mann and Liberty Mutual Insurance Co., Defendants.

BANKRUPTCY CASE NO. 14–11336–WHD

ADVERSARY PROCEEDING No. 15–1055–WHD

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Signed January 19, 2016

H. Brooks Cotten, H. Brooks Cotten, PC, Newnan, GA, for Plaintiff.

R. Brian Wooldridge, Mann & Wooldridge, Newnan, GA, Roberta Ann Henderson, Bovis, Kyle & Burch, LLC, Atlanta, GA, Jan D. Sokol, Stewart Sokol & Larkin LLC, Portland, OR, for Defendants.

### ORDER

W. Homer Drake, U.S. Bankruptcy Court Judge

This matter arises between Edward H. Jones, Jr., (hereinafter, the "Debtor") acting in the name of the United States pursuant to Federal Rule of Bankruptcy Procedure 2010(b), and Theo Mann (hereinafter, the "Trustee") and Liberty Mutual Insurance Company (hereinafter, "Liberty Mutual").[1]  There are three motions currently before the Court in this case: Debtor's Motion for Judgment on the Pleadings, Doc. No. 17, Debtor's Motion for Default Judgment Against Defendant Liberty Mutual, Doc. No. 20, and Liberty Mutual's Motion to Set Aside Entry of Default, Doc. No. 22.  For the sake of judicial efficiency, the Court will resolve all three motions in this Order.  This Court has subject matter jurisdiction over this proceeding, see 28 U.S.C. § 157(a), 1334, which constitutes a core proceeding, see 28 U.S.C. § 157(b).

### Background

#### A.  Bankruptcy Case and § 363 Sale

The Debtor filed his petition under Chapter 7 of the Bankruptcy Code on June 20, 2014.  At the time the Debtor filed his petition, he owned four vehicles: a 2010 Dodge Charger, a 2002 Ford Taurus, a 1976 Chevrolet Corvette, and a 1974 Chevrolet Corvette.  The Charger was fully encumbered by a lien, and the Debtor surrendered it to the secured creditor.  The Debtor valued the Taurus at $1,500 and claimed an exemption in that amount pursuant to O.C.G.A. § 44–13–100(a)(3).[2]  The Debtor valued the 1974 Corvette at $11,250 and used the remainder of his automobile exemption plus $5,593 of his "wildcard" exemption to exempt a total of $9,093 of that value.[3]  The 1976 Corvette, which the Debtor valued at $7,350, was not claimed as exempt in any part.

On December 3, 2014, the Trustee filed a Motion to Sell Property of the Estate at Public Sale in which he stated his intention

---

1.  International Sureties was listed as a defendant in the original complaint, but was removed by amendment of the complaint on November 2, 2015.  Amend. Compl., Doc. No. 10.

2.  That statute allows a debtor to exempt "the debtor's interest, not to exceed the total of $5,000.00 in value, in all motor vehicles." O.C.G.A. § 44–13–100(a)(3).

3.  The Georgia exemption statute in force at the time the Debtor filed his case allowed a debtor to exempt "[t]he debtor's aggregate interest, not to exceed $600 in value plus any unused amount of the [homestead] exemption, not to exceed $5,000, provided under paragraph (1) of this subsection, in any property." O.C.G.A. § 44–13–100(a)(6) (2010). The Debtor used the remaining $7 of this exemption on the contents of a bank account.

to sell both the 1974 Corvette and the 1976 Corvette through a public auction. Doc. No. 40. The Trustee's notice listed the time, date, and location of the proposed sale, and notified parties that objections were due within twenty-one days of service. *Id.* at 3. The Court held a hearing on the Trustee's motion on January 7, 2015. The motion received no opposition, so the Court granted it that same day. Order Approving Sale of Property of the Estate, Doc. No. 45. The Trustee held the sale on January 9, 2015, and the Corvettes were sold as a pair for $2,700. The Debtor alleges that the Trustee has not distributed any of those proceeds to him.

## B. *The Adversary Proceeding*

The Debtor initiated this adversary proceeding on October 7, 2015, by filing a complaint alleging that the Trustee carried out his duties negligently and seeking to hold Liberty Mutual, as the Trustee's bondholder, derivatively liable.[4] On November 15, 2015, the Clerk entered default against Liberty Mutual, who had failed to file a timely answer to the Debtor's complaint. That same day, the Debtor filed his Motion for Judgment on the Pleadings. On December 2, 2015, the Debtor filed his Motion for Default Judgment against Liberty Mutual, and on December 3, 2015, Liberty Mutual filed its Motion to Set Aside Entry of Default. It is into this tangled web of motions that the Court must now enter.

### Discussion

As an initial matter, the Court notes, and the Debtor and Liberty Mutual agree, that Liberty Mutual's liability to

the Debtor is entirely derivative of the Trustee's liability. *See* Mot. for Default J., Doc. No. 20, at 3 ("Liberty Mutual's liability is derivative of the Trustee's liability...."); Opposition to Mot. for Default J., Doc. No. 27, at 2 ("Liberty's liability, if any, is derivative of the trustee's liability."). Consequently, any resolution of the case with regard to the claim against the Trustee will affect the necessity of addressing the motions surrounding Liberty Mutual's default. *See Ebel v. King (In re Ebel),* 338 B.R. 862, 878 (Bankr.D.Colo. 2005) (dismissing actions against insurance companies after denying relief against the trustee). Therefore, the Court will first address the Debtor's Motion for Judgment on the Pleadings against the Trustee.

## A. *Motion for Judgment on the Pleadings*

Federal Rule of Civil Procedure 12(c), applicable to adversary proceedings in bankruptcy through Federal Rule of Bankruptcy Procedure 7012(b), provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c); *see also* FED. R. BANKR. P. 7012(b). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera,* 292 F.3d 695, 700 (11th Cir.2002) (citing *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998)).[5]

---

**4.** This is the method of proceeding prescribed by Federal Rule of Bankruptcy Procedure 2010.

**5.** When the Debtor filed his Motion for Judgment on the Pleadings, he attached evidence of the Trustee's bond held by Liberty Mutual.

This documentation was not contained in the pleadings. Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

In reviewing the pleadings, a court should treat the facts as alleged in the nonmovant's pleading as true, but accept as true the facts alleged in the pleading of the movant "only where and to the extent that they have not been denied or do not conflict with those of the [nonmovant's pleading]." *Parker v. DeKalb Chrysler Plymouth,* 459 F.Supp. 184, 187 (N.D.Ga.1978). A court should also "view [the facts] in the light most favorable to the nonmoving party." *Slagle v. ITT Hartford,* 102 F.3d 494, 497 (11th Cir.1996) (quoting *Ortega v. Christian,* 85 F.3d 1521, 1524 (11th Cir. 1996)). Finally, "[i]f upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley,* 292 F.3d at 700.

■ Here, the material facts alleged in the pleadings are not in dispute; therefore, the matter may be resolved on the pleadings and by judicial notice of ·the information contained in the Debtor's schedules. *See In re Anderson,* 130 B.R. 497, 500 (Bankr.W.D.Mich.1991) (citing FED. R. EVID. 201 in support of taking judicial notice of the Debtor's filed schedules). The Debtor's complaint alleges that the Trustee has violated the Debtor's claimed exemption of $9,093 in the 1974 Corvette by selling the vehicle and not remitting $9,093 to the Debtor. The Debtor contends that because he claimed that exemption in his schedules and no objection to the exemption was made, it became final, thus entitling him to receive the $9,093 in its entirety. The Debtor also contends that the Trustee's failure to sell the Corvette without at least returning the value of the Debtor's exemption constituted a breach of the Trustee's fiduciary duties. The Trustee raises numerous defenses in response, but the most relevant are his assertions that the Debtor is trying to challenge the sale of the Corvette, a matter that has already been finally decided by this Court, and that the Court's order approving the sale immunizes the Trustee from liability.

■ The Debtor is correct that his exemption became final once the time to object had passed. *See* FED. R. BANKR. P. 4003(b)(1) (allowing thirty days for parties to object to a claimed exemption); *Schwab v. Reilly,* 560 U.S. 770, 792, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010). However, the Debtor's argument that an allowed exemption absolutely entitles him to receive the full value of that exemption, regardless of the ultimate disposition of the property claimed as exempt, is flawed. The Debtor's argument assumes that a debtor's estimates of value in Schedule C constitute the last word on the true market value of the property. The Supreme Court rejected this line of thinking in *Schwab v. Reilly,* in which the Court held that the proper role of the debtor's value estimate is to aid "the trustee in administering the estate by helping him identify assets that may have [equity]." *Id.* at 785, 130 S.Ct. 2652. The more appropriate way to understand the

FED. R. CIV. P. 12(d); *see also* FED. R. BANKR. P. 12(b). Nevertheless, "the court has broad discretion either to include or to exclude the [evidence]." *Gulf Coast Bank & Trust Co. v. Reder,* 355 F.3d 35, 38 (1st Cir.2004). If the court declines to include the proffered evidence in its analysis, the summary judgment standard does not apply. *See id.; see also Easter v. United States,* 575 F.3d 1332, 1335 (Fed.Cir.2009) ("Whether to accept extra-pleading matter on a motion for judgment on the pleadings and to treat the motion as one for summary judgment is within the trial court's discretion."). Because the extraneous matter presented by the Debtor is immaterial to the analysis the Court undertakes in this Order, the Court will exclude it, and the motion will remain one for judgment on the pleadings. ·

relationship between an exemption and the value of the property is that while "[t]he dollar amount of the claimed exemption remains static, ... the value of the property in which an exemption is claimed can vary widely ..., *and the proposed sale price determines the extent to which the [d]ebtor is entitled to receive payment on account of a claimed exemption.*" *In re Mannone*, 512 B.R. 148, 154 (Bankr. E.D.N.Y.2014) (emphasis added). Consequently, a debtor may reap a benefit by over-exempting under-valued property, *see id.* at 149, 154 (concluding that debtor's unchallenged homestead exemption would have to be honored where purchaser agreed to take fully secured property subject to liens and pay an additional $20,000); but may also be harmed by over-exempting over-valued property, *see In re Morgan*, 2015 WL 7252206, at *1, *4 (Bankr. W.D.Mich. Nov. 16, 2015) (concluding that the debtor, despite exempting over $8,000, was bound to the value of her aggregate interest, which after a settlement agreement was only $1,800). Put another way, a debtor's exemptions are tied directly to a debtor's "interest" in property, *see, e.g.,* O.C.G.A. § 44–13–100(a)(3), and a debtor's "interest" in property "obviously cannot exceed the value of the property," *In re Morgan*, 2015 WL 7252206, at *3. Because the price a purchaser is willing to pay determines value, *see In re Mannone*, 512 B.R. at 154, a debtor is never entitled to receive more than the sale price, regardless of what he claims as exempt in his schedules. Therefore, the Debtor cannot legitimately claim that he is absolutely entitled to receive the whole $9,093.

▪ Turning to focus on the Trustee's conduct, the Debtor's contention that the Trustee should not have sold the Corvette because it was partially claimed as exempt is also unavailing. The Debtor relies on *Giacomo v. Traverse (In re Traverse)*, 753 F.3d 19 (1st Cir.2014), to argue that a trustee should not sell property that is claimed as exempt. In *In re Traverse*, the trustee sought to sell the debtor's real property, even though the value of the liens on the property, combined with the debtor's exemption, left no equity in the property. *Id.* at 25. Hearing the case on appeal, the First Circuit Court of Appeals held that "[w]here ... a property fails to yield any remaining equity for the estate beyond the value of its secured encumbrances and the debtor's homestead exemption, a trustee should generally not sell the home." *Id.* The court reasoned that the trustee should not liquidate property solely for the benefit of secured creditors. *See id.*

Pretermitting whether the First Circuit came to the correct conclusion in that case, the facts of *In re Traverse* make it inapplicable to the case at bar. In *In re Traverse*, the debtor's property was valued at $223,500. The property was subject to two mortgages totaling $215,208.34, and the debtor claimed an exemption of $500,000. Thus, the schedules indicated that there was no equity for the trustee to realize through a sale. *Id.* at 23. Here, on the other hand, the value of the 1974 Corvette was listed as $11,250. The Corvette was subject to no liens, and the Debtor only exempted $9,093. Thus, based on the schedules, there was $2,157 of equity that the Trustee could realize through a sale of the Corvette, and it is entirely the prerogative of a trustee to sell estate property where there is a chance that it could return value to the estate. *See In re Traverse*, 753 F.3d at 24; *see also In re Morgan*, 2015 WL 7252206, at *3 (commenting on how the trustee's ability to dispose of property, even property labeled as exempt, is part of "the orderly liquidation that the Bankruptcy Code contemplates").

Having concluded that the Trustee was entitled to sell the Corvette, the question becomes whether the manner in which the sale was conducted, namely whether the Trustee's failure to use the Debtor's exemption as a "floor" price, constituted a breach of his fiduciary duties. The Court need not determine whether such a course of conduct was necessary, as any challenges to the sale are barred as a result of the Court's order approving the sale, and a trustee cannot be held liable for actions taken with court approval.

In the case at bar, the Trustee sold the Corvettes pursuant to § 363 of the Bankruptcy Code, which allows a trustee to sell property of the estate outside of the ordinary course of business "after notice and a hearing." 11 U.S.C. § 363(b)(1). Before the Trustee conducted the sale, he provided notice to the Debtor that conformed with Rule 2002(c)(1), and the matter came on for hearing. Nevertheless, the Debtor never raised any objection to the proposed sale of the Corvettes, and so, relying on the Trustee's assertion that the sale was in the best interest of the estate and the lack of objections, the Court entered an order approving the sale. Having failed to object before the order was entered, the Debtor cannot now, dissatisfied with the outcome of the sale, engage in a collateral attack on the price obtained. *See Hendrick v. Avent*, 891 F.2d 583, 586 (5th Cir.1990) (holding that an order authorizing a sale is a final judgment); *In re Morgan*, 2015 WL 7252206, at *3 (noting that the debtor should have challenged the trustee's authority to enter into the compromise that reduced the value of her asset); *Brummer v. Perras, Fafard, Gagnon Inc. (In re Centre de Tricots De Gaspe, Ltee.)*, 10 B.R. 148, 150 (Bankr.S.D.Fla. 1981) (determining that plaintiffs were barred from litigating a sale where an order had been entered and no appeal was taken). Because the Court's order determined the appropriateness of the sale, the Trustee is shielded from any liability as a result of his actions taken in accordance with that order. *See In re Concrete Prods., Inc.*, 1992 WL 12001764, at *19, *21 (Bankr.S.D.Ga. Feb. 7, 1992); *see also Walton v. Watts, (Matter of Swift)*, 185 B.R. 963, 970 (Bankr.N.D.Ga.1995) (Drake, J.) (discussing the immunity of the U.S. Trustee).

Therefore, as a matter of law, the Debtor is not entitled to receive the full amount of his claimed exemption and the Trustee is not liable for any breach of duty. Accordingly, the Debtor's Motion for Judgment on the Pleadings must be denied. Furthermore, there is no set of facts consistent with the Debtor's allegations that would support a judgment against the Trustee. Consequently, the Debtor's claim against the Trustee will be dismissed.

### B. Motion to Set Aside Default & Motion for Default Judgment

Where a claim against a secondary defendant is entirely derivative of a claim against a primary defendant, that is, where the secondary defendant will only be liable if the primary defendant is determined to be liable, the dismissal of the claim against the primary defendant mandates the dismissal of the claim against the secondary defendant. *Tamasha Town & Country Club v. McAlester Constr. Fin. Corp.*, 252 F.Supp. 80, 83 n. * (S.D.Cal.1966). Therefore, because the claim against the Trustee will be dismissed, the derivative claim against Liberty Mutual must also be dismissed. For that reason, the Debtor's Motion for Default Judgment will be denied, and the Motion to Set Aside Default will be denied as moot.

### C. Disbursement of Funds

Before concluding, the Court finds it necessary to address the Debtor's allegation that he has received no portion of

the proceeds of the sale of the Corvettes. As discussed above, the Debtor has a valid exemption in the 1974 Corvette, entitling him to whatever portion of the sale proceeds represents the value paid for that car. However, the Court has not been presented with sufficient evidence to determine what portion of the proceeds is properly labeled as exempt. As a result, the Court will leave that issue to be resolved in the main bankruptcy case, and nothing in this Order should be considered as prohibiting the Debtor from pursuing it there.

## Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the Debtor's Motion for Judgment on the Pleadings is **DENIED,** the Debtor's Motion for Default Judgment is **DENIED,** Liberty Mutual's Motion to Set Aside Entry of Default is **DENIED AS MOOT,** and all counts of the complaint are **DISMISSED.**

The Clerk is **DIRECTED** to serve a copy of this Order on the Debtor, the Trustee, Liberty Mutual, and their respective counsel.

**IT IS ORDERED.**